JOURNAL ENTRY AND OPINION
Plaintiff-appellant State of Ohio appeals from an order of the trial court dismissing without prejudice an indictment for escape against defendant-appellee Eric Williams. We reverse and remand for further proceedings.
Defendant was indicted on June 3, 1999 for escape in violation of R.C.2921.34. The charge arose out of defendant's failure to properly complete the period of post-release control under R.C. 2967.28 for a prior offense. A capias was issued and defendant was ultimately arraigned on the charge on September 23, 1999.
Defendant thereafter appeared to enter into a plea agreement. Before proceeding with the plea, defense counsel made an oral motion to dismiss the charge. Counsel argued that this court had found the post-release control statute, R.C. 2967.28, to be unconstitutional in State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported. The prosecution requested the trial court defer ruling on the motion because it had filed an appeal to the Ohio Supreme Court from the ruling in State v. Jones, supra.
The trial court granted defendant's motion to dismiss, stating that it would do so without prejudice, but that the prosecution could re-indict defendant if the Ohio Supreme Court upheld the constitutionality of R.C.2967.28. The trial court thereafter dismissed the case by journal entry, stating as follows:
 THIS CASE IS DISMISSED PURSUANT TO COURT OF APPEALS [SIC]-VS-JONES R JONES JR ORC 2967.28. THIS CASE IS DISMISSED WITHOUT PREJUDICE.
The prosecution filed a notice of appeal from the trial court's dismissal of the indictment without prejudice. During the course of the appeal, a motion panel of this court granted the prosecution's motion to stay the appeal pending review of the State v. Jones, supra, by the Ohio Supreme Court. On August 3, 2000, the Supreme Court reversed the ruling of this court concerning the constitutionality of R.C. 2967.28 in State v. Jones (2000), 89 Ohio St.3d 519.
The prosecution's sole assignment of error follows:
 THE TRIAL COURT ERRED IN DISMISSING THE CASE BASED ON THE UNCONSTITUTIONALITY OF R.C. 2967.28.
This assignment is well-taken.
The prosecution's brief on appeal argues that this court's opinion in Jones was wrongly decided and that the trial court erred by following it. Defendant's brief contends that the dismissal of his indictment did not constitute a final appealable order and that the record in the case at bar does not support reversing the trial court's dismissal order.
We note initially that the proper method to seek dismissal of an appeal is to file a motion to dismiss, rather than to make an argument in an appellate brief. Because defendant has failed to file a motion to dismiss in the case at bar, he has not properly raised this argument. Even if defendant had properly raised this argument, however, he has cited no authority holding that the dismissal of an indictment under these circumstances does not constitute a final appealable order.
R.C. 2945.67 governs appeals by the state and provides in pertinent part as follows:
 (A) A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case * * * which decision grants a motion to dismiss all or part of an indictment, complaint, or information * * * and may appeal by leave of court to which the appeal is taken any other decision, except the final verdict * * *.
Panels of this court have exercised jurisdiction and reversed the dismissal of escape indictments in other cases following the Supreme Court's opinion in Jones. State v. Mitchell (Nov. 30, 2000), Cuyahoga App. Nos. 77679 and 77928, unreported; State v. Norton (Feb. 8, 2001), Cuyahoga App. No. 77752, unreported; State v. Sims (Feb. 8, 2001), Cuyahoga App. No. 77762, unreported. Under the circumstances, we follow this authority and reverse the trial court's dismissal of the indictment against defendant for escape.
Defendant's remaining argument concerning the adequacy of the transcript likewise lacks merit. The record contains the entire transcript of proceedings in which the trial court heard arguments and granted defendant's oral motion to dismiss the indictment for escape. The trial court's statements during the hearing and in its journal entry expressly provide that the trial court dismissed the indictment because this court found the post-release control statute unconstitutional in State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported. Because the Ohio Supreme Court reversed this court's opinion in State v. Jones (2000), 89 Ohio St.3d 519, no additional record is necessary to reverse the trial court's judgment of dismissal in the case at bar.
Accordingly, the prosecution's sole assignment of error is sustained.
The judgment of the trial court is hereby reversed and the case is remanded for further proceedings.
Judgment accordingly.
It is, therefore, ordered that appellant recover of appellee its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________ KARPINSKI, A.J.
JAMES D. SWEENEY, J., and COLLEEN CONWAY COONEY, J., CONCUR.